## GALLOWAY v BAEHR

Ohio Appeals, 1st Dist, Hamilton Co

No 3677. Decided Sept 29, 1930

Robert Black, Clare, Schwab & McCaslin, Cincinnati, for Galloway.

Wm. H. Fox, Cincinnati, for Baehr.

664

ROSS, J.

It is sufficient to say that the evidence justified the jury in its necessarily implied conclusion that there were contracts covering the three lots as alleged, and that there were breaches thereof.

A number of prejudicial errors are assigned, which we will take up in the order in which they are presented by the plaintiffs in error.

First: It is claimed that as to all the causes of action that the contracts to furnish water and other facilities was merged in the accepted deeds to the lots. This contention is manifestly erroneous in that the contracts contained multiple provisions, and were all necessarily executory until performed. The delivery and acceptance of the deeds and the payment of the considerations were not a full performance of the contracts. The acceptance of a deed in order to constitute a merger of a previous contract, must be co-extensive in scope with that contract and if such acceptance constitutes only one of several stipulations cannot be effective as a total and complete satisfaction and merger. A vendor might contract to deed property and build a house thereon. Acceptance of a deed before the house was built could not be considered in the absence of definite proof thereof, as a complete satisfaction of the whole contract. See 9 **Ohio Jur. p 582**, where it is said: "that a deed extinguishes the obligations of a prior contract so far and only so far as it excludes them."

See also: 18 Corpus Juris, p. 270, 271.

Second: At to the second cause of action, it is urged there was no contract because it is alleged and was in evidence that no written contract was deemed necessary, it being agreed by the parties that lot No. 6 could not be served with the facilities without serving Lot No. 5. We consider that there was, even expressing the matter in such form, a complete meeting of the minds of the parties and a definite understanding and agreement that the effect of the contract as to lot No. 6 should apply to lot No. 5. This agreement was verbal, and it is claimed is ineffective because required to be in writing by our statute of frauds.

We hold that contracts to furnish water, gas, electricity, and to lay sidewalks, there being no evidence that they were not to be performed within the year, are not contracts required by the statute of frauds to be in writing.

Third: It is urged that the purchaser Baehr was erroneously permitted to testify

as to transactions with the decedent, the suit being against her executors. There were two classes of such testimony:—first, that dealing with transactions and conversations with the agent of decedent, which clearly under the exception mentioned in the statute are admissible; and, second, testimony as to the knowledge of decedent of the proposed sales by Baehr, the purchaser.

This latter testimony we consider unimportant, as it was not what was represented as being brought home to the vendor after the contracts were entered into—that would fix his liability for future damages upon breach of such contracts, but on the contrary, what she knew or should reasonably have anticipated at the time of the execution of the contracts, and it is timely to say here that there can be no question that neither the decedent vendor nor her agent contemplated that the purchaser Baehr would occupy all three houses upon the three lots, and even if this were not so it is within the range of natural supposition that any purchaser may desire to sell his completed house, and will rely upon promises made in connection with the sale of property upon which the same is to be built.

Fourth: A number of criticisms are directed to the general charge of the court. The court at the close of the charge remarked: "Have counsel anything to suggest?" The record fails to show any response to such question, but a general exception upon the part of both counsel for plaintiff in error and defendant in error. We have examined the several portions of the charge criticized and find none of such an affirmative and prejudicial nature as to warrant a reversal in the absence of a request for amplification of charges given.

It is to be further borne in mind that the jury returned a general verdict upon **all three causes of action** and did not allocate separate findings of damage to each cause of action, and no request appears that it should do otherwise. If the pleadings and evidence as to any cause of action justify the verdict, it must stand. This must be borne in mind also in considering the measure of damages, which is the Fifth assignment of error considered here, and which has given the court more concern than any of those urged upon us.

The measure of damages in the case at bar is the amount necessary to compensate defendant in error for his net loss naturally flowing and to be reasonably anticipated from the failure of the vendor to carry out her contract to furnish water and other facilities. It was most naturally to be anticipated that the purchaser would build his houses for sale. It was reasonable to be anticipated that he would rely on her agreement to furnish water and other facilities and obligate himself likewise, and it certainly was to be foreseen that if she failed to furnish such facilities as she had contracted to do, that his purchasers would annul their contracts and throw the property back upon him entailing loss of profits which could be definitely proved and about which there could be no speculation.

This is exactly what the evidence shows occurred. Baehr did contract to sell and furnish the facilities which he had been guaranteed by the decedent. He was unable to comply with his contracts and he lost the sales. Even taking the criterion offered by the plaintiffs in error, his loss was the difference in value between the property with and without the facilities.

The matter of damages it is claimed is complicated by the fact that the deals were not cash sales, but trades involving the value of other land in other states and concerning which there was evidence as to value. This factor simply presents a question for the jury's determination and we have no right to conjecture upon what valuation they fixed as to the traded property, except that they were justified in taking the highest valuations placed thereupon in the evidence. It is also apparent that the jury did not extend this privilege to such an extent.

The charge of the court upon the measure of damages is as follows:

"The measure of damages is the difference between what the plaintiff contracted to sell the premises for upon completion of the building, and the price realized from the sale of the respective premises from the judicial sale, or foreclosure sale, less whatever the amount, if any, it would have been necessary to expend to complete the buildings, or either of them."

This portion of the charge is not a correct statement of the rule applicable to the measure of damages in the case. The correct rule has been heretofore set out. In view of the fact, however, that the evidence shows that Baehr had contracts of purchase totaling $67,500.00—that the cost of the lots and improvements only amounted to $31,500.00—and the judicial sales netted $35,050.00, which amount was wholly inadequate to neutralize the net loss to

Baehr, the charge was not prejudicial to the plaintiffs in error. The latter portion of the quotation was extremely prejudicial to the defendant in error, in that it further reduced Baehr's compensation for loss of profits.

This being the case, and finding no prejudicial error as against the plaintiffs in error, the judgment of the Court of Common Pleas of Hamilton County will be, and it is affirmed.

CUSHING, PJ, and HAMILTON, J, concur.